# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DISTRICT 65 PENSION PLAN<br>By its Trustees, PABLO VALCARCEL,<br>BEVERLY GANS, ZARKO RAJACICH,<br>HERBERT RICKLIN and SERGIO ACOSTA,<br>                Plaintiffs | : <br> : <br> : <br> : <br> : <br> : | Case No. |
| v. | : <br> : | |
| DEMARCO CALIFORNIA FABRICS, INC.<br>1400 Broadway<br>New York, NY 10018; | : <br> : <br> : <br> : | |
| MICHAEL MARCO<br>9858 Clint Moore Road, C-111-296<br>Boca Raton, FL 33496 | : <br> : <br> : <br> : | |
| MAX MARCO<br>7000 Island Boulevard, #2402<br>Miami, FL 33160 | : <br> : <br> : <br> : | |
| PEARL ANN MARCO<br>7000 Island Boulevard, #2402<br>Miami, FL 33160 | : <br> : <br> : <br> : | |
| DANIEL MARCO<br>211 West 106th Street, Apt. 11B<br>New York, NY 10025 | : <br> : <br> : <br> : | |
|     and | : <br> : | |
| DOES 1 THROUGH 10,<br>                Defendants. | : <br> : <br> : <br> : | **COMPLAINT** |

## *INTRODUCTION*

1.    Plaintiffs, an employee pension benefit plan, and its Trustees, bring this action under

the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §1001,

*et seq.,* to collect unpaid withdrawal liability and minimum funding deficiencies from Defendants

pursuant to written agreements entered into by Defendant*s*.

2.      Plaintiff Trustees bring this action on behalf of the District 65 Pension Plan and

participants in and beneficiaries of the Plan pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA,

29 U.S.C. §§ 1132(a)(3), 1451(a)(1), to enforce the statutory obligations imposed on Defendants.

## *JURISDICTION AND VENUE*

3.    This Court has jurisdiction over this matter pursuant to Sections 502(e), 4301(a)(1), (b)

and (c) of ERISA, 29 U.S.C.§§1132(e) and 1451(a)(1), (b) and (c).

4.    Venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29

U.S.C. §§ 1132(e)(2) and 1451(d), in that the Plan is administered in this District at 830 Bear Tavern

Road, West Trenton, NJ 08628-1020.

## *PARTIES*

5.    The District 65 Pension Plan ("Plan") is an "employee benefit plan" within the meaning

of Sections 3(2), 3(3), and 502(d)(1) of ERISA, 29 U.S.C. §§1002(2), (3) and 1132(d)(1).  The Plan

is established and maintained for the purpose of providing retirement and related benefits to eligible

participants and beneficiaries.

6.     The Plan's administrative offices are located at, and in care of, I.E. Shaffer & Co., 830 Bear Tavern Road, CN 010128, West Trenton, New Jersey 08628.

7.     The Plan is jointly administered by a Board of Trustees, comprised of representatives of labor and management as set forth in Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. §186(c)(5).

8.     The Plan is a multi-employer plan within the meaning of Sections 3(37)(A) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37)(A), 1381(a)(3).

9.     Pablo Valcarcel, Beverly Gans, Zarko Rajacich, Herbert Ricklin and Sergio Acosta ("Trustees") are Trustees of the Plan and are fiduciaries of the Plan within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).  Each Trustees' business address as a plan fiduciary is care of I.E. Shaffer & Co., 830 Bear Tavern Road, CN 010128, West Trenton, New Jersey 08628.

10.     The Trustees are authorized to bring this action pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451, and the written agreement of the parties.

11.     Defendant De Marco California Fabrics, Inc. ("Company") is a New York Corporation located at the address set forth in the caption.  At all times material hereto, Defendant Company was an employer engaged in an industry affecting commerce within the meaning of

Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. §185(a), and Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§1002(5), (11) and (12).

12.     At all times relevant hereto Defendants Michael Marco, Max Marco, Pearl Ann Marco and Daniel Marco (hereinafter collectively "Shareholders") were shareholders of Defendant Company and were the only shareholders of the Company during that period.

13.     Defendant Michael Marco is the President and sole officer of Defendant Company at all times relevant hereto.

14.     Upon information and belief, Does 1 through 10 (whose names plaintiffs are unable to determine at this time) are related employers within the meaning of Subsections (b), (c), (m), (n) or (o) of Section 414 of the Internal Revenue Code of 1986, 26 U.S.C. §414(b), (c), (m), (n) or (o).

### COUNT I (WITHDRAWAL LIABILITY)

15.     Plaintiffs incorporate Paragraphs 1 through 14 as if fully stated herein.

16.     On or about January 31, 1995, Defendant Company's obligation to contribute to the Pension Plan ceased and Defendant Company effected a complete withdrawal from the Pension Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. §1383(a).   As a result of that withdrawal, Defendant Company became obligated to make statutorily-required payments to the Plan.

17.     On September 19, 1996, the Trustees and the Company entered into a Settlement Agreement ("Agreement"), pursuant to which the Company elected to satisfy its obligations to the Trustees on the basis of quarterly payments of $5,431.00.  Such payments are due on or before March 15th, June 15th, September 15th, and December 15th of each year for a twenty year period, and payments are charged simple interest of 1% per month for each month any such payment is delinquent.  A true and correct copy of the Settlement Agreement and its exhibit are attached hereto as Exhibit A.

18.     Beginning with the payment due on or before June 15, 2006, the Company ceased making its quarterly payments to the Plan.

19.     By letter dated August 18, 2006, the Plan Administrator advised the Company of the delinquency and demanded immediate payment, plus interest. A true and correct copy of the August 18, 2006 letter is attached hereto as Exhibit B.

20.     On August 25, 2006, the Plan's attorney received a letter by facsimile transmission that was dated "August 14, 2006" from Defendant Michael Marco, writing on behalf of the Defendant Company. The letter stated that the Company "has been liquidated," that business operations ceased on June 30, 2006, and that DeMarco "will attempt to resolve DeMarco California Fabric Inc. [sic] debt and obligations" within the next 60 days.  A true and correct copy of the "August 14, 2006 letter" is  attached hereto as Exhibit C.

21.     Paragraph 10(a) of the Settlement Agreement states that the Company:

>    shall notify the Plan, in writing, thirty (30) calendar days prior to
>    material changes in its corporate structure or the sale of business or
>    assets, which are reasonably likely to materially impact adversely its
>    ability to comply with the Installment Payment Terms defined in this
>    Agreement and immediately upon occurrence of any other event
>    which appears reasonably likely to result in a change in Employer's
>    financial condition, when such occurrences may either (i) materially
>    impact adversely Employer's ability to satisfy its obligations
>    hereunder, or (ii) if Employer has a hardship settlement (by agree-
>    ment or arbitration award), materially improve Employer's financial
>    condition.

22.     Notwithstanding the above notice requirements, the Company failed to notify the Plan

of its intentions prior to the date it ceased doing business and liquidated.

23.     On October 16, 2006, Defendant Michael Marco sent a letter to the Plan on behalf

of the Defendant Company informing the Plan of the results of its sixty-day review mentioned in the

August 14, 2006 letter. The October 16, 2006 letter stated that "[t]here are no additional funds now

or projected in the future to cover additional obligations" and asked for the Plan to "resolve this issue

ASAP" while making it clear that neither Defendant Company nor Defendant Michael Marcos

intended to make any further payments to the Plan as part of that resolution. A true and correct copy

of the October 16, 2006 letter is attached hereto as Exhibit D.

24.     On October 18, 2006, the Plan, through its attorney, sent a letter to the Company

demanding information concerning the distribution of the Company's assets during liquidation. A

true and correct copy of the October 16, 2006 letter is attached hereto as Exhibit E.

25.     Thereafter, Defendant Company provided various records going back to 2003 concerning the distribution of assets to the Company.

26.     On information and belief, while the Company was already in decline by 2003, the principals distributed almost $2 million dollars of Company assets to the Defendant shareholders and increased the compensation to the Company's officer Michael Marcos such that it paid him nearly one-half million dollars during the same period of time.

27.     On February 1, 2007, the Plan, through its attorney, emailed a letter to the Company that the Plan had concluded that the Company had violated Section 10(a) of the Agreement by failing to notify the Plan when the Company's financial condition went into decline and had drained the Company coffers during the period of decline without paying its liability to the Plan. The Plan therefore demanded immediate payment of $166,385.29, the Company's total liability as of February 1, 2007.  A true and correct copy of the February 1, 2007 letter is attached hereto as Exhibit F.

28.     On February 2, 2007, the Company through its attorney, sent a letter by facsimile transmission to the Plan's attorney requesting a meeting to discuss the conclusions stated in the February 1, 2007 letter, but stating that no such meeting would be possible until the Company's attorney reviewed the information his client had submitted to the Plan, and that in no event would he review that information for at least thirty days. A true and correct copy of the February 1, 2007 letter is attached hereto as Exhibit G.

29.     On February 5, 2007, the Plan, through its attorney, sent a letter by facsimile transmission to the Company's attorney informing him that the Plan Trustees would not be willing to delay any legal action unless the Company provided some guarantee that the assets at issue would not be dissipated.  A true and correct copy of the February 5, 2007 letter is attached hereto as Exhibit H.

30.     On February 7, 2007, the Company, through its attorney, sent a letter by facsimile transmission to the Plan's attorney stating that it would not provide any such guarantee.  A true and correct copy of the February 7, 2007 letter is attached hereto as Exhibit I.

31.     Defendant Company's accelerated liability to the Plan as of February 1, 2007 equals $147,594.03, which is the total remaining liability under the twenty-year payment option had payments been timely made, plus 8% compounded interest per annum, pursuant to Paragraph 4 of the Settlement Agreement.  A true and correct copy of the calculation of accelerated liability is attached hereto as Exhibit J.

32.     As of February 1, 2007, Defendant Company has accrued additional liability of $18,791.26 which equals the total amount of deficient payments plus late penalties of 1% simple interest per month, pursuant to paragraph 12 of the Settlement Agreement.  (Exhibit J)

33.     Defendant Company's failure to pay its liability and its failure to notify the Plan when it became clear that it would be unable to fulfill its obligations to the Plan are violations of the Agreement and Sections 4201 and 4219(c) of ERISA, 29 U.S.C. §§1381 and 1399(c).

34.     Pursuant to the Agreement and Sections 4219(c)(6) and 4219(i)(A)(ii) of ERISA, 29 U.S.C. §§1399(c)(6) and 1399(i)(A)(ii), Defendant Company owes compound interest on the total remaining liability calculated at the rate of 8% per annum, and simple interest on the amount of deficient payments calculated at the rate of 1% per month both such interest accrues from the due date of the first payment which was not timely made.

35.     In accordance with Sections 502(g) and 4301(b) of ERISA, 29 U.S.C. §§1132(g) and 1451(b), Defendant Company is liable to the Plan for the outstanding balance of its liability, plus interest computed at the rate of 8% per annum, calculated from the due date of the first payment which was not timely made, plus an amount equal to the greater of interest on the unpaid  liability or liquidated damages of 20% of the amounts due, and all costs and attorneys' fees incurred in their collection.

36.     Paragraph 17 of the Settlement Agreement is a choice of law provision designating New York State law as the law governing the relationship between the parties, except where preempted by ERISA.

37.     New York courts will pierce the corporate veil "whenever necessary to prevent fraud or [to] achieve equity." *Walkovszky v. Carlton*, 18 N.Y.2d 414 (1966). Specifically, the courts require a showing that (1) the owners of the corporation exercised complete domination of the corporation with respect to the transaction at issue, and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury. *Morris v. N.Y. State Dept. of Taxation and Finance*, 82 N.Y.2d 135 (1993).

38.     Defendant Shareholders exercised complete domination of the Defendant Company in its decisions to disburse its assets to the shareholders between 2003 and 2005 as the Company was in decline.

39.     The disbursement of assets to the Shareholders committed a wrong against the Plaintiffs as it constituted a breach of the Company's contractual obligations to the Plan and, absent a piercing of the corporate veil, would result in non-payment of ten years of the twenty years of payments that are due to the Plan pursuant to the Agreement and ERISA.

40.     Piercing the corporate veil in this instance is necessary to prevent fraud and to achieve equity.

41.     Defendant Shareholders are jointly and severally liable with Defendant Company for the Company's liability to the Plan.

### *RELIEF REQUESTED*

**WHEREFORE,** Plaintiffs respectfully request the following judgment in favor of Plaintiffs against Defendants:

1.      An Order holding Defendant Company liable to the Plan for:

    (A)      Payments due pursuant to Paragraph 4 of the Settlement Agreement in the amount of $147,594.03, which includes 8% per annum compound interest through February 1, 2007.

    (B)      Compounded interest on the above liability calculated at the rate of 8% per annum from February 1, 2007.

    (C)      Payments due pursuant to Paragraph 12 of the Settlement Agreement in the amount of $18,791.26, which includes 1% simple interest per month calculated through February 1, 2007.

    (D)      Simple interest on the above liability calculated at the rate of 1% per month from February 1, 2007.

    (E)      An amount equal to the greater of (i) the total interest on the unpaid liability or (ii) liquidated damages of twenty percent (20%) of the amount owed by Defendant Company as provided by Sections 502(g)(2)(C) of ERISA, 29 U.S.C. §1132(g)(2)(C);

    (F)      Attorneys' fees and costs of this action, as provided by Section 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D); and

(G)     Such other relief as the Court may deem just and proper, as provided in

Sections 502(g)(2)(E) of ERISA, 29 U.S.C. §1132(g)(2)(E).

2.      Enter an Order to:

(A)      compel disclosure by the Defendant Company of any trades or businesses

under common control within the meaning of 29 U.S.C. §1301(b), 1398,

(B)     join any trade or businesses in this action, and

(C)     award Plaintiff the relief requested herein against the Defendant.

CLEARY & JOSEM, LLP

BY:  /s/ Jeremy E. Meyer_____
        REGINA C. HERTZIG, ESQUIRE
        JEREMY E. MEYER, ESQUIRE
        One Liberty Place, 51st Floor
        1650 Market Street
        Philadelphia, PA 19103
        (215) 735-9099
        RCH 7441
        JEM 2320

Dated: February 13, 2007