FOX ROTHSCHILD LLP.

**Attorneys for Defendants Demarco California Fabrics, Inc.,
Michael Marco, Max Marco, Pearl Ann Marco and
Daniel Marco**

Keith R. McMurdy, Esq.
Lauren J. Talan, Esq.
75 Eisenhower Parkway
Roseland, New Jersey 07068
Tel: (973) 992-4800 Fax: (973) 992-9125
kmcmurdy@foxrothschild.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Trenton Vicinage

| | |
|---|---|
| DISTRICT 65 PENSION PLAN, by its Trustees, BEVERLY GANS, ZARKO RAJACICH, HERBERT RICKLIN and SERGIO ACOSTA, | Civil Action No. 3:07-cv-01232 (MLC)(JJH) |
| Plaintiffs, | **ANSWER WITH AFFIRMATIVE DEFENSES** |
| -against- | |
| DEMARCO CALIFORNIA FABRICS, INC., MICHAEL MARCO, MAX MARCO, PEARL ANN MARCO and DANIEL MARCO, and Does 1 through 10 | |
| Defendants. | |

NOW COME Defendants Demarco California Fabrics, Inc., Michael Marco, Max Marco, Pearl Ann Marco and Daniel Marco (collectively referred to as "The Answering Parties"), by and through their Counsel, Fox Rothschild LLP, and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Jersey, and files the within as its Answer to the Complaint of the Plaintiff with affirmative defenses:

# ANSWER

## As to the Introduction

1. The Answering Parties deny for want of knowledge the allegations of paragraph 1 of the Complaint as it is a subjective statement of Plaintiff's intent..

2. The Answering Parties deny for want of knowledge the allegations of paragraph 2 of the Complaint as it is a subjective statement of Plaintiff's intent.

## As to Jurisdiction and Venue

3. The Answering Parties deny the factual allegations and legal conclusion contained in paragraph 3 of the Complaint.

4. The Answering Parties deny the factual allegations and legal conclusions of paragraph 4 of the Complaint.

## As to the Parties

5. The Answering Parties deny for want of knowledge the allegations of paragraph 5 of the Complaint.

6. The Answering Parties deny for want of knowledge the allegations of paragraph 6 of the Complaint.

7. The Answering Parties deny for want of knowledge the allegations of paragraph 7 of the Complaint.

8. The Answering Parties deny for want of knowledge the allegations of paragraph 8 of the Complaint..

9. The Answering Parties deny for want of knowledge the allegations of paragraph 9 of the Complaint.

10. The Answering Parties neither admit nor deny the allegations of paragraph 10 of the Complaint as there are insufficient facts plead to form an opinion with respect to the accuracy of the statement and are conclusory as to the application of the law..

11. The Answering Parties denies the allegations of paragraph 11 of the Complaint to the extent that the address is incorrect, and otherwise deny the remaining statements as conclusions of law and not factual assertions.

12. The Answering Parties admit the allegations of paragraph 12 of the Complaint to the extent that the individuals held ownership interest at various times throughout the life of the Company, but otherwise deny the for vagueness the ownership status of any individual at any specific time.

13. The Answering Parties admit the allegations of paragraph 13 of the Complaint to the extent that Michael Marco was an officer during the life of the Company, but otherwise deny the for vagueness the ownership status of any individual at any specific time.

14. The Answering Parties deny the allegations of paragraph 14 of the Complaint as lacking sufficient factual statement to form an opinion with respect the accuracy of the statement.

## As to Count One

15. In response to paragraph 15 of the Complaint, the Answering Parties aver or deny the allegations as more fully set forth above.

16. The Answering Parties deny the allegations of paragraph 16 of the Complaint to the extent the strictly for legal conclusion and are not statements of fact.

17. The Answering Parties admit the allegation of paragraph 17 of the Complaint to the extent that agreement exists, but otherwise state that the terms of the agreement are controlling as presented.

18. The Answering Parties admit the allegations of paragraph 18 of the Complaint.

19. The Answering Parties admit the allegations of paragraph 19 of the Complaint to the extent the letter was sent, but otherwise deny the characterizations of the contents of that letter and refer to the letter itself..

20. The Answering Parties admit the allegations of paragraph 20 of the Complaint to the extent the letter was sent, but otherwise deny the characterizations of the contents of that letter and refer to the letter itself.

21. The Answering Parties admit the allegations of paragraph 21 of the Complaint.

22. The Answering Parties deny the allegations of paragraph 22 of the Complaint.

23. The Answering Parties admit the allegations of paragraph 23 of the Complaint to the extent the letter was sent, but otherwise deny the characterizations of the contents of that letter and refer to the letter itself.

24. The Answering Parties admit the allegations of paragraph 24 of the Complaint to the extent the letter was sent, but otherwise deny the characterizations of the contents of that letter and refer to the letter itself.

25. The Answering Parties admit the allegations of paragraph 25 of the Complaint to the extent records were produced, but otherwise deny the characterizations of the contents of the records and refer to the records themselves.

26. The Answering Parties deny the allegations of paragraph 26 of the Complaint.

27. The Answering Parties admit the allegations of paragraph 27 of the Complaint to the extent the letter was sent, but otherwise deny the characterizations of the contents of that letter and refer to the letter itself.

28. The Answering Parties admit the allegations of paragraph 28 of the Complaint to the extent the letter was set, but otherwise deny the characterizations of the contents of that letter and refer to the letter itself.

29. The Answering Parties admit the allegations of paragraph 29 of the Complaint to the extent the letter was set, but otherwise deny the characterizations of the contents of that letter and refer to the letter itself.

30. The Answering Parties admit the allegations of paragraph 30 of the Complaint to the extent the letter was set, but otherwise deny the characterizations of the contents of that letter and refer to the letter itself.

31. The Answering Parties deny the allegations of paragraph 31 of the Complaint, and further deny the liability asserted therein.

32. The Answering Parties deny the allegations of paragraph 32 of the Complaint, and further deny the liability asserted therein.

33. The Answering Parties deny the allegations of paragraph 33 of the Complaint, and further deny the liability asserted therein.

34. The Answering Parties deny the allegations of paragraph 34 of the Complaint, and further deny the liability asserted therein.

35. The Answering Parties deny the allegations of paragraph 35 of the Complaint, and further deny the liability asserted therein.

36. The Answering Parties admit the existence of the agreement referred to in paragraph 36 of the Complaint and specifically refer to the terms of the agreement, but otherwise deny any characterization of those terms.

37. The Answering Parties deny the statements contained in paragraph 37 as conclusions of law without factual statement and are not appropriate factual allegations to present in a Complaint as required under the Federal Rules of Civil Procedure.

38. The Answering Parties deny the allegations of paragraph 38 of the Complaint.

39. The Answering Parties deny the allegations of paragraph 39 of the Complaint.

40. The Answering Parties deny the allegations of paragraph 40 of the Complaint as lacking any factual support and being conclusory in nature that cannot be verified.

41. The Answering Parties deny the allegations of paragraph 41 of the Complaint and any suggestion of liability therein.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Some or all of Plaintiff's claims are barred by the Doctrine of Unclean Hands.

**Third Affirmative Defense**

Some or all of Plaintiff's claims are barred by the doctrines of Waiver and Estoppel.

**Fourth Affirmative Defense**

Plaintiff's damages, if any, are a result of the actions, inactions and/or omissions of Plaintiff or its agents.

**Fifth Affirmative Defense**

Plaintiff's claims are barred as a result of Plaintiff's failure to satisfy a condition precedent.

**Sixth Affirmative Defense**

Plaintiff's damages, if any, are a result of the actions, inactions and/or omissions of an individual or entity over which The Answering Parties have no control.

**Seventh Affirmative Defense**

Plaintiff's claims are barred by failure to comply with specific contractual terms and obligations.

**Eighth Affirmative Defense**

Any non-compensation distributions made to the shareholders of the Corporate Defendant during the relevant period were made for reasonably equivalent value and fair consideration pursuant to a bona fide third party appraisal.

**Ninth Affirmative Defense**

Any non-compensation distributions made to the shareholders of the Corporate Defendant during the relevant period were made while the Corporate Defendant was solvent as set forth in the financial statements of the Corporate Defendant for reasonably equivalent value and fair consideration.

**Tenth Affirmative Defense**

All compensation paid to any individual Defendant was made for services actually rendered for reasonably equivalent value and was fair consideration.

**Eleventh Affirmative Defense**

No Defendant herein engaged in any conduct to commit fraud or wrong upon any person, including the Plaintiffs herein.

**Twelfth Affirmative Defense**

The Answering Parties specifically reserves the right to amend, supplement or otherwise modify these affirmative defenses as they become discovered throughout the course of this litigation.

**WHEREFORE**, having fully responded to and answered the Complaint, The Answering Parties pray for a dismissal of the claims against it, with prejudice, for attorney fees available, and for any other relief deemed equitable and appropriate by this Court.

Respectfully submitted,

FOX ROTHSCHILD LLP
Attorneys for The Answering Parties

By: /s/ Keith R. McMurdy
Keith R. McMurdy
Lauren J. Talan
For the Firm

Dated: May 29, 2007

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing Answer of Defendants with Affirmative Defenses was served by regular U.S. Mail, postage prepaid, upon the following:

Regina C. Hertzig, Esq.
Jeremy E. Meyer, Esq.
Cleary & Josem, LLP
One Liberty Place, 51st Floor
1650 Market Street
Philadelphia, PA 19103

Service was also completed through use of the Electronic Case Filing of the Clerk of Courts for the United States District Court for the District of New Jersey.

I do so certify.

Keith R. McMurdy

Dated: May 29, 2007