UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISTRICT 65 PENSION PLAN, et al., | CIVIL ACTION NO. 07-1232 (MLC) |
| Plaintiffs, | **ORDER TO SHOW CAUSE** |
| v. | |
| DE MARCO CALIFORNIA FABRICS, INC., et al., | |
| Defendants. | |

**THE PLAINTIFFS**, an employee benefit plan ("Plan") and its trustees, bringing this action against the defendants, De Marco California Fabrics, Inc. ("DMC") and the individual DMC shareholders, pursuant to the Employee Retirement Income Security Act ("ERISA") "to collect unpaid withdrawal liability and minimum funding deficiencies from Defendants pursuant to written agreements entered into by Defendants" (Compl., at 1-2); and it appearing that an ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found", 29 U.S.C. § 1132(e)(2), see 29 U.S.C. § 1451(d) (stating ERISA action "may be brought in the district where the plan is administered or where a defendant resides or does business"); and it appearing that this action may be brought in the District of New Jersey, as the Plan is administered here (Compl., at 3); but

**THE DEFENDANTS** objecting to venue (dkt. entry no. 4, Answer, at ¶ 4 (denying plaintiffs' venue allegation)); and it appearing

that this action also may be brought in the United States District Court for the Southern District of New York, as DMC — the employer at issue — is located there, see 29 U.S.C. §§ 1132(e)(2), 1451(d); and

**IT APPEARING** that this action may have been more properly brought in the Southern District of New York, as (1) DMC is a New York corporation with its principal place of business in the Borough of Manhattan (Compl., at 3), (2) any financial records will be found there, (3) the alleged failure to abide by the agreement at issue, and thus the breach, occurred in New York, and (4) citizens there will have an interest in the outcome; and

**IT APPEARING** that New York law will control in part; and it appearing that the agreement at issue between the Plan and DMC contains "a choice of law provision designating New York State law as the law governing the relationship between the parties, except where preempted by ERISA" (id. at 9; see id., Ex. A, Agmt., at 29); and it appearing that the plaintiffs, in justifying their claims against the DMC shareholders, (a) assert that DMC is claiming that it "has been liquidated", (b) assert that under New York law the corporate veil may be pierced if the corporate owners dominated the corporation, and the domination was used to commit fraud, and (c) cite cases from New York state courts in support (Compl., at 5, 10); and it appearing that an arbitration provision in the agreement at issue states that if

certain arbitrators are not available, then "the parties shall arbitrate their dispute before the AAA in New York, New York" (id., Ex. A, Agmt., at 23); and it appearing that New York law would be more easily applied in the Southern District of New York; and

**THE COURT** having broad discretion under 28 U.S.C. § 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and it appearing that "§ 1404(a) applies to ERISA actions", and "a finding that an ERISA case may never be transferred under § 1404(a) if it is brought in the forum where the plan is administered . . . is simply not the law", Hanley v. Omarc, Inc., 6 F.Supp.2d 778, 780 (N.D. Ill. 1998) (denying motion to vacate order granting motion to transfer to defendant employer's home venue of New Jersey, even though plaintiff plan administered in Illinois); and thus it appearing that the Court is not bound by the Plan's choice of its home venue, see Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. C.F. Gomma, U.S.A., No. 05-71633, 2005 WL 1838344, at *1-*5 (E.D. Mich. July 29, 2005) (granting motion to transfer to defendant employer's home venue of Indiana, even though plaintiff plan's headquarters in Michigan); Mincey v. Overhead Door Co., No. 93-1912, 1993 WL 390104, at *1-*4 (E.D. La. Sept. 30, 1993) (granting motion to

3

transfer to employer's home venue of Oklahoma, even though plaintiff plan based in Louisiana); Int'l Bhd. of Painters & Allied Trades Union v. Rose Bros. Home Decorating Ctr., No. 91-1699, 1992 WL 24036, at *1-*2 (D.D.C. Jan. 14, 1992) (granting motion to transfer to defendant employer's home venue of Indiana, even though plaintiff plan based in District of Columbia); and it appearing that DMC's alleged liquidation does not weigh in favor of the Plan's choice of the Plan's home venue, see Hanley, 6 F.Supp.2d at 779 (denying motion to vacate order granting motion to transfer to "dissolved" corporation's home venue); Cent. States, Se. & Sw. Areas Pension Fund v. Heid, No. 93-5854, 1994 WL 55696, at *1 (N.D. Ill. Feb. 17, 1994) (granting motion to transfer to home venue of corporate employer in "bankruptcy proceedings", in action brought by plan against alleged shareholders); and it appearing that the New York factors outweigh the limited New Jersey factors, see Matt v. Baxter Healthcare Corp., 74 F.Supp.2d 467, 468-69 (E.D. Pa. 1999) (granting motion to transfer, even though defendant had registered agent in original venue); and

 **THE COURT** thus intending to order the parties to show cause why the action should not be transferred to the United States District Court for the Southern District of New York; and for good cause appearing;

**IT IS THEREFORE** on this 3rd day of July, 2007 **ORDERED** that the parties shall **SHOW CAUSE** why the action should not be transferred to the United States District Court for the Southern District of New York; and

**IT IS FURTHER ORDERED** that the parties may file responses with the Court electronically by 5 P.M. on the following dates:[1]

    July 13, 2007    Defendants' response

    July 23, 2007    Plaintiffs' response

    July 30, 2007    Defendants' reply; and

**IT IS FURTHER ORDERED** that **NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all parties, barring extraordinary circumstances;[2] and

---

[1] The Court will disregard responses that are not filed electronically.

[2] Extraordinary circumstances do not include: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when this order to show cause was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of this inquiry. These dates have been set accordingly. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 317-20 (3d Cir. 2006) (noting district court, in sua sponte inquiry on jurisdiction, provided party only seven days to respond). The parties, if unable to comply, should consult the Federal Rules of Civil Procedure and Local Civil Rules as to moving for relief from any resulting order, if necessary.

**IT IS FURTHER ORDERED** that if a party fails to respond to this order to show cause, then that party will be deemed to be in support of a transfer of venue; and

**IT IS FURTHER ORDERED** that this order to show cause will be decided on **TUESDAY, JULY 31, 2007,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78, unless the parties are notified otherwise by the Court.

                                        s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge